UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KEVIN J. REID,**

    **Plaintiff,**

                                                      Case No. 04-73822

v.

                                                     HONORABLE DENISE PAGE HOOD

**CITY OF FLINT, ESTER
BERNRITTER, TODD PILLSBURY,**
and other unidentified officers, in their
individual and official capacities,

    **Defendants.**

_____/

## ORDER GRANTING DEFENDANT CITY OF FLINT'S MOTION FOR SUMMARY JUDGMENT

**I. INTRODUCTION**

    This matter is before the Court on Defendant City of Flint's Motion for Summary Judgment. Plaintiff filed the Complaint on September 29, 2004. Defendant City of Flint filed the current motion on July 11, 2005. Plaintiff filed his response on October 14, 2005. Plaintiff also filed a Motion to Quash Defendant City of Flint's Motion for Summary Judgment on September 27, 2005.

**II. STATEMENT OF FACTS**

    The facts are highly disputed by the parties. The following facts appear to be common to both parties' recollection of the events. The Complaint arises from an incident that occurred on September 30, 2002, during which Plaintiff was arrested by Defendants Pillsbury and Bernritter, two

1

police officers employed by Defendant City of Flint. Defendants Pillsbury and Bernritter responded to a complaint at a residence where Plaintiff's ex-girlfriend was said to be located. Plaintiff was observed outside of the residence by the back door. Defendant Bernritter advised the Plaintiff to leave the residence. Plaintiff complied with the order. Officer Bernritter followed Plaintiff as he left the residence. At some point a struggle between Officer Bernritter and the Plaintiff ensued. Officer Pillsbury joined the struggle and at some point Plaintiff was struck on his hand or wrist and was eventually pepper sprayed. Plaintiff was charged with Disorderly Conduct, Making a False Report to Police and Resisting Arrest. The Complaint then followed.

### III. STANDARD OF REVIEW

The standard that must be satisfied to secure a dismissal via summary judgment is high. Pursuant to Rule 56(c), summary judgment may only be granted in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing no dispute as to any material issue. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). A dispute must be evident from the evidence in order to deny such a motion. Such a dispute must not merely rest upon the allegations or denials in the pleadings, but instead must be established by affidavits or other documentary evidence. Fed.R.Civ.P. 56(e). When ruling, the Court must consider the admissible evidence in the light most favorable to the non-moving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

### IV. APPLICABLE LAW & ANALYSIS

    **A.**     **Plaintiff's Motion to Quash Defendant City of Flint's Motion for Summary Judgment**

In Plaintiff's Motion to Quash Defendant City of Flint's Motion for Summary Judgment, Plaintiff alleges that Defendant City of Flint has misrepresented the facts and defrauded or attempted to defraud the court in prior 42 U.S.C. § 1983 civil rights actions initiated by the Plaintiff. Plaintiff provides a detailed account of the circumstances giving rise to the current action as well as prior actions. Plaintiff also presents several exhibits to support his Motion to Quash. Most of the Plaintiff's Motion to Quash centers upon events not relevant to the current action. The remaining portion of the Plaintiff's Motion to Quash is also not relevant to the Court's determination of Defendant City of Flint's Motion for Summary Judgment. Plaintiff's Motion to Quash Defendant City of Flint's Motion for Summary Judgment is denied.

    **B.**     **Defendant City of Flint's Motion for Summary Judgment**

In his Response to Defendant City of Flint's Motion for Summary Judgment, Plaintiff seeks to establish a municipal liability claim under 42 U.S.C. § 1983. Liability under Section 1983 arises where a person, under color of law, causes a United States citizen to be deprived of any rights, privileges, or immunities afforded by the Constitution. 42 U.S.C. § 1983. In determining liability under a Section 1983 claim, the first question is whether or not the injury was caused by a constitutional violation. *Lewellen v. Metropolitan Gov't of Nashville and Davidson County, Tennessee*, 34 F.3d 345, 350 (6th Cir. 1994). The second question, to be asked, is whether the defendant is responsible for the violation. *Id*. A municipality is liable in a Section 1983 claim if the constitutional violation was a result of municipal custom or policy. *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 56 L. Ed.2d 611, 98 S. Ct. 2018 (1978). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts

may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under Section 1983." *Id*. at 694.

The mere fact that a municipality employed the official who committed the offense is not enough to hold a municipality liable in under Section 1983. *Id*. at 691. Section 1983 claims based solely on vicarious liability or respondeat superior are without merit. *Id*. "At the very least there must be an affirmative link between the policy and the particular constitutional violation alleged." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 85 L. Ed.2d 791 (1985).

The Plaintiff alleges deprivation of certain Constitutional rights including: the "right to be free from deprivation of liberty and bodily security and integrity without due process of law;" the right to fair and just treatment in legislative and executive hearings and investigations; and the right to be free from unreasonable searches and seizures. (Compl. ¶¶ 28-29). Plaintiff also alleges that Defendant City of Flint violated his state constitutional rights by the customs or policies of: failing to train police officers in the proper procedure for establishing probable cause and effectuating an arrest; failing to supervise police officers so as to prevent the arrest of citizens without probable cause and without the use of unreasonable and unnecessary force; and failing to supervise, review and/or discipline police officers who the Defendant City of Flint knew or should have known were conducting arrests without probable cause and with unreasonable or unnecessary force, and permitting or encouraging police officers to conduct arrests despite the absence of probable cause, and through the use of unreasonable or unnecessary force. (Compl. ¶¶ 30-32).

To establish municipal liability the plaintiff must (1) identify a municipal policy, (2) establish that the municipality is responsible for promulgating the policy; and (3) show that the execution of the policy caused the injury to the plaintiff. *Searcy v. City of Dayton*, 38 F.3d 282, 287

(6th Cir. 1994), *see also Matthews v. Jones*, 35 f.3d 1046 (6th Cir. 1994).

Here, Plaintiff has not established all of the criteria required to establish liability of a municipality. With regards to the liability of Defendant City of Flint, Plaintiff solely states:

> There is substantial evidence demonstrating that the constitutional violations to Plaintiff were the result of the City of Flint's custom or practice of striking suspects or detainees after they've been handcuffed, based upon class-based animus or racial motivation. Plaintiff, a black man, is a member of a protected class.

(Pl.'s Resp. To Def. City of Flint's Mot. For Summ. J. ¶ 4).

While Plaintiff has alleged a policy, he has not established that the City of Flint is responsible for promulgating such policy nor that the execution of the policy caused the injury to him, to the degree required to survive a motion for summary judgment. Plaintiff presents no evidence in the form of affidavits, depositions, or other documentary evidence to show the existence, promulgation, or execution of such policies that caused him injury, *Searcy*, 38 F.3d at 297. Discovery closed on June 27, 2005. Even considering the evidence (or lack thereof) in the light most favorable to the Plaintiff, there is no dispute as to any material fact present. *Sagan*, 342 F.3d at 497, *Equal Employment Opportunity Comm'n*, 503 F.2d at 1093.

Accordingly,

IT IS ORDERED that Defendant City of Flint's Motion for Summary Judgment **[Docket No. 23, filed July 11, 2005]** is GRANTED.

IT IS FURTHER ORDERED that paragraphs 28 through 32 and all claims in Plaintiff's Complaint against Defendant City of Flint are DISMISSED with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Quash Defendant City of Flint's Motion for Summary Judgment **[Docket No. 29, filed September 27, 2005]** is DENIED.

        /s/ Denise Page Hood  
DENISE PAGE HOOD  
United States District Judge

DATED: October 27, 2005

     I hereby certify that a copy of the foregoing document was served upon counsel of record on October 27, 2005, by electronic and/or ordinary mail.

        s/William F. Lewis  
Case Manager