**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**KEVIN J. REID,**

    **Plaintiff,**

v.

**CITY OF FLINT, ESTER BERNRITTER, TODD PILLSBURY, and other unidentified officers, in their individual and official capacities,**

    **Defendants.**

                                                       /

Case No. 04-73822

HONORABLE DENISE PAGE HOOD

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Amend § 1983 Civil Rights Complaint, filed February 23, 2006. Defendants Bernritter and Pillsbury filed a Response on February 27, 2006.

**II. STATEMENT OF FACTS**

The facts are highly disputed by the parties. The following facts appear to be common to all parties' recollection of the events. The Complaint arises from an incident that occurred on September 30, 2002, during which Plaintiff was arrested by police officer he believed were Defendants Todd Pillsbury and Esther Bernritter. The two police officers are employed by Defendant City of Flint. Defendants Pillsbury and Bernritter responded to a complaint at a residence where Plaintiff's ex-girlfriend was said to be located. Plaintiff was observed outside of the residence

by the back door. Defendant Bernritter advised the Plaintiff to leave the residence. Plaintiff complied with the order. Officer Bernritter followed Plaintiff as he left the residence. At some point a struggle between Officer Bernritter and the Plaintiff ensued. Officer Pillsbury joined the struggle and at some point Plaintiff was struck on his hand or wrist and was eventually pepper sprayed. Plaintiff was charged with Disorderly Conduct, Making a False Report to Police and Resisting Arrest. The Complaint then followed. During discovery, Plaintiff determined that the officer who arrested him on September 30, 2002 was Officer Todd Coles rather than Defendant Todd Pillsbury. (Pl.'s Mot. Amend. ¶ 2). Plaintiff asserts that Defendant Pillsbury attempted to cover up Officer Coles involvement by falsifying a official report. (Pl.'s Am. Compl. ¶ 44). Plaintiff further claims that Defendant Bernritter committed perjury during a deposition in an effort to further the conspiracy to cover up the false arrest and use of excessive force. (Pl.'s Mot. Amend. ¶ 5).

### III.   APPLICABLE LAW & ANALYSIS

Under the Federal Rules of Civil Procedure, a party may amend his or her pleading, after a responsive pleading has been served, only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires. Fed.R.Civ.P. 15(a).

The Complaint in this case was filed on September 29, 2004. Defendant Pillsbury filed an Answer on October 21, 2004, and Defendant Bernritter filed an Answer on November 1, 2004. Since a responsive pleading has been served, the Complaint may only be amended by consent of the adverse party or by leave of the court, where justice so requires. The Defendants have not consented to the amendment.

Plaintiff, in his proposed amended complaint, seeks to add Officer Todd Coles as a defendant and to add an additional count of Conspiracy to Cover-up Constitutional and Civil Rights Violations.

Plaintiff argues that during discovery it was revealed that Officer Todd Coles actually effected his arrest and not Defendant Todd Pillsbury. Plaintiff indicated he attempted to tell his prior attorney that Defendant Pillsbury was not the officer who arrested him.[1] Plaintiff further contends that the Defendants and Officer Coles conspired to cover-up the false arrest and use of excessive force.

Defendants assert that justice would not be served by the amendment of the Complaint at this late date. Defendants assert that Plaintiff had ample opportunity to determine that Defendant Pillsbury was not the officer who arrested him, and that since discovery is now closed, discovery would have to be reopened, new depositions will have to be taken, and prior depositions will have to be retaken. Defendants admit that the only prejudice to them is delay.

Under the Federal Rules of Civil Procedure, a party may amend his or her pleading, after a responsive pleading has been served, only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires. Fed.R.Civ.P. 15(a).

Despite Defendants assertions, justice so requires amendment of the Complaint to include the actual officer who arrested the Defendant and the addition of a sixth count of constitutional and civil rights violations. Plaintiff's Motion to Amend is granted. The Complaint must be properly served on Officer Todd Coles pursuant to Federal Rules of Civil Procedure Rule 4.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Amend § 1983 Civil Rights Complaint **[Docket No. 35, filed February 23, 2006]** is GRANTED.

---

[1] Plaintiff is currently representing himself.

IT IS FURTHER ORDERED that Plaintiff has **fourteen (14) days** from the date of this Order to file an amended complaint. Discovery, on the amendment only, is extended for **sixty (60) days** from the date of this Order.

IT IS FURTHER ORDERED that a status conference in this matter shall be held on **Tuesday, September 5, 2006, at 3:00 p.m.**.

      /s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: May 2, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 2, 2006, by electronic and/or ordinary mail.

      s/William F. Lewis
Case Manager

4