UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KEVIN J. REID,**

       **Plaintiff,**

v.

**CITY OF FLINT, ESTER BERNRITTER, TODD PILLSBURY, and other unidentified officers, in their individual and official capacities,**

       **Defendants.**

                                              /

Case No. 04-73822

HONORABLE DENISE PAGE HOOD

## MEMORANDUM OPINION AND ORDER REGARDING VARIOUS MOTIONS

**I.  INTRODUCTION**

This matter is before the Court on Defendant City of Flint's Motion to Dismiss, filed June 16, 2006; Defendant Coles' Motion for Summary Judgment, filed June 19, 2006, and Plaintiff's Motion to Extend Time for Court Ordered Discovery, filed June 23, 2006, and Plaintiff's Motion for Rehearing or Reconsideration of Order Granting Defendant City of Flint's Fed.R.Civ.P. Rule 56(b) Motion for Summary Judgment, filed November 7, 2005. No Responses to any of these motions have been filed. Oral argument was heard on August 9, 2006.

**II.  STATEMENT OF FACTS**

As stated in the Court's previous order granting Plaintiff's Motion to Amend the Complaint, the facts are as follows. The facts are highly disputed by the parties. The following facts appear to be common to both parties' recollection of the events. The Complaint arises from an incident that

occurred on September 30, 2002, during which Plaintiff was arrested by whom he identified as Defendants Pillsbury and Bernritter, two police officers employed by Defendant City of Flint. Defendants Pillsbury and Bernritter responded to a complaint at a residence where Plaintiff's ex-girlfriend was said to be located. Plaintiff was observed outside of the residence by the back door. Defendant Bernritter advised the Plaintiff to leave the residence. Plaintiff complied with the order. Officer Bernritter followed Plaintiff as he left the residence. At some point, a struggle between Officer Bernritter and the Plaintiff ensued. Officer Pillsbury joined the struggle and at some point Plaintiff was struck on his hand or wrist and was eventually pepper sprayed. Plaintiff was charged with Disorderly Conduct, Making a False Report to Police and Resisting Arrest. The Complaint was filed on September 29, 2004. During discovery, Plaintiff determined that the officer who arrested him on September 30, 2002 was Officer Todd Coles rather than Defendant Todd Pillsbury. (Pl.'s Mot. Amend. ¶ 2). Plaintiff asserts that Defendant Pillsbury attempted to cover up Officer Coles' involvement by falsifying an official officer report. (Pl.'s Am. Compl. ¶ 44). Plaintiff further claims that Defendant Bernritter committed perjury during a deposition in an effort to further the conspiracy to cover up the false arrest and use of excessive force. (Pl.'s Mot. Amend. ¶ 5). The Court issued an Order Granting Plaintiff's Motion to Amend on May 2, 2006. Plaintiff filed the Amended Complaint on May 19, 2006.

### III.   APPLICABLE LAW & ANALYSIS

#### A.   Defendant City of Flint's Motion to Dismiss

Federal Rules of Civil Procedure 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. This type of motion tests the legal sufficiency of the plaintiff's Complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). A court

takes the factual allegations in the Complaint as true when evaluating the propriety of dismissal under Fed. R. Civ. P. 12(b)(6). *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509,512 (6th Cir. 2001); *Hoeberling v. Nolan*, 49 F. Supp.2d 575, 577 (E.D. Mich. 1999). Further, the court construes the complaint in the light most favorable to the plaintiff, and determines whether it is beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001).

Defendant City of Flint argues that Plaintiff's claim should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim. The Court granted Defendant City of Flint's earlier Motion for Summary Judgment on October 27, 2005, thereby dismissing Defendant City of Flint from this action. The Court also granted Plaintiff's Motion to Amend the Complaint on May 2, 2006, allowing Plaintiff to add Officer Todd Coles as a defendant. Plaintiff's Amended Complaint, filed May 19, 2006, also alleges claims against Defendant City of Flint. As the Court has previously dismissed, with prejudice, Defendant City of Flint and did not allow amendment of the Complaint as to the City of Flint, Defendant City of Flint's Motion to Dismiss is granted.

**B.     Defendant Coles' Motion for Summary Judgment**

Pursuant to Rule 56(c), summary judgment may only be granted in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing no dispute as to any material issue. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1093 (6th Cir. 1974). A dispute must be evident from the evidence in order to deny such a motion. Such a dispute must not merely rest upon the allegations or denials

3

in the pleadings, but instead must be established by affidavits or other documentary evidence. Fed.R.Civ.P. 56(e). When ruling, the Court must consider the admissible evidence in the light most favorable to the non-moving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

Defendant Coles argues that summary judgment is appropriate because Plaintiff cannot prove that Defendant Coles was an officer employed with the Flint Police Department at the time of Plaintiff's arrest nor that Defendant Coles was present or involved in the events alleged. Defendant Coles further argues that even if Plaintiff can sustain his claims, his claims are barred by the statute of limitations. Defendant Coles argues that he was not employed with the Flint Police Department at the pertinent time, and that instead he has been employed with the University of Michigan - Flint Department of Public Safety since July 16, 2001, before the events allegedly occurred. (Def.'s Resp., Ex. A at 1). Defendant Coles was on duty on the days in question for the University of Michigan-Flint Department of Public Safety. *Id*. at 2. Defendant Coles further argues that he was not present during the arrest of Plaintiff. *Id*. Plaintiff has not filed a Response to Defendant Coles' Motion for Summary Judgment, however at oral argument Plaintiff argued: (1) Defendant City of Flint failed to provide him with a copy of the videotape of the booking area the night Plaintiff was arrested, which would show that Defendant Coles was present at the time; and (2) Defendant Coles knew or should have known that he was a proper defendant because of contact Defendant Coles had with former coworkers, including Defendant Bernritter. Plaintiff further stated that the documents attached to Defendant City of Flint and Defendant Coles' pleadings were not credible and that he did not have any specific information that would show that Defendant Coles had any contact with his former coworkers in the Flint Police Department. Plaintiff has not shown that Defendant Coles

4

was an officer employed with the Flint Police Department at the time of the events alleged, or that Defendant Coles was present during the events alleged. Summary judgment is appropriate as to Defendant Coles as a result.[1]

Defendant Coles further argues that Plaintiff's claims against Defendant Coles are barred by the statute of limitations. Under Michigan law, the statute of limitations for a personal injury claim is three years from the date of the death or injury. M.C.L. 600.5805. Plaintiff's assault and battery and false imprisonment claims are subject to a two year statute of limitations. M.C.L. 600.5805(2). Federal Rules of Civil Procedure 15(c) governs the relation back of amendments of a pleading. Rule 15(c) provides:

> An amendment of a pleading relates back to the date of the original pleading when
>
> > (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> >
> > (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> >
> > (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and

---

[1] It should be noted that in Plaintiff's affidavit attached to Plaintiff's Motion for Rehearing or Reconsideration of Order Granting Defendant City of Flint's Fed.R.Civ.P. Rule 56(b) Motion for Summary Judgment, Plaintiff indicates how he came to believe Defendant Coles assaulted him. Plaintiff states: "He subsequently went to the University of Michigan-Flint Library to do research. As he was leaving, his path crossed with a U of M-Flint Public Safety Officer that looked incredibly familiar. Consequently, he backtracked far enough to see the officer's identification badge, which read 'Coles.' Total recall resulted. Specifically, having hired onto the Flint Fire Department with 34 other individuals including John Coles, and having had to deal with former Flint Fire Fighters Union President Harold Coles concerning his wrongful June 2, 1987 discharge from the Flint Fire Department, it occurred to this Affiant that the City of Flint Officer that assaulted him and falsely arrested him of September 30, 2002 was named Coles." (Pl.'s Mot. Reh'g, Pl.'s Aff., ¶ 7).

> complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c). Plaintiff's Amended Complaint adds an additional party. As such, only Rule 15(c)(3) is applicable. *See Black-Hosang v. Ohio Dep't of Pub. Safety*, 96 Fed.Appx. 372, 374-375 (6th Cir. 2004)(unpublished opinion), *Force v. City of Memphis*, 1996 WL 665609 *2 (6th Cir. 1996)(unpublished opinion). Under Federal Rules of Civil Procedure 4(m) a defendant must be served the summons and complaint within 120 days after the filing of the complaint. Fed.R.Civ.P. 4(m). The Sixth Circuit has held that new parties may not be added after the statute of limitations has run and that such amendments do not satisfy the mistaken identity requirement of Rule 15(c)(3)(B). *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). Substituting a named defendant for a previously unnamed, "John Doe," defendant is considered to be a change in the parties, rather than a substitution of parties, for purposes of Rule 15(c). *Id*.

The date of the events giving rise to the alleged injury occurred on September 30, 2002. The Amended Complaint, adding Defendant Coles, was filed on May 19, 2006. The Amended Complaint was filed more than three years after the date of the injury or events giving rise to the alleged injury. The original Complaint was filed on September 29, 2004. Defendant Coles was not served until May 30, 2006, well over 120 days after the filing of the Complaint. Further, Plaintiff has not shown or alleged that Defendant Cole had notice of the action or that he knew or should have known that but for a mistake concerning his identity, he would have been a party to this action. Defendant Coles was an officer in another police department when the events allegedly occurred. As an officer for the University of Michigan-Flint Department of Public Safety, Defendant Coles

would not have been put on notice of Plaintiff's action against police officers employed for the City of Flint. *See Cox*, 75 F.3d at 240. Relation back to the original Complaint is not appropriate here, as (1) Defendant Coles was not served the Summons and Complaint within 120 days of filing the Complaint, (2) Plaintiff has not shown that Defendant Coles had notice of the action, and (3) Plaintiff has not shown that Defendant Coles knew or should have known that absent mistake he would have been a party to the action. Since the Amended Complaint was filed over three years after the events alleged, and relation back to the original Complaint is not appropriate, Plaintiff's claims against Defendant Coles are barred by the statute of limitations.

### C.     Plaintiff's Motion to Extend Time for Court Ordered Discovery

Plaintiff requests that the Court grant his Motion to Extend Time for Court Ordered Discovery for another 31 days, ending on August 3, 2006. Plaintiff argues that the additional time is required to obtain his file from his former attorney, Christopher Trainor. Plaintiff asserts that Mr. Trainor was served a subpoena requesting such information on June 9, 2006, to which Mr. Trainor stated that he would comply. Plaintiff asserts that counsel for Defendants Bernitter and Pillsbury opposed the extension. As such, Plaintiff's Motion to Extend Time for Court Ordered Discovery is denied without prejudice. Plaintiff, after receipt of his file from his previous attorney, may bring a motion for limited court ordered discovery upon a showing that without his former attorney's file he could not otherwise have proceeded.

### D.     Plaintiff's Motion for Rehearing or Reconsideration

Plaintiff argues that the Court should rehear or reconsider Defendant City of Flint's Motion for Summary Judgment because the Court's October 27, 2005 Order was erroneously based on a mistaken application of the facts and applicable laws. The Local Rules of the Eastern District of

Michigan provided that any motion for reconsideration shall be served not later than ten days after entry of such order. E.D. Mich. LR 7.1(g)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court, after filing the motion, otherwise directs. E.D. Mich. LR 7.1(g)(2). Local Rule 7.1.(g) further states:

> (3) **Grounds.** Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g)(3).

Plaintiff argues that the Court incorrectly stated that discovery closed on June 27, 2005. Plaintiff suggests that the Court's September 12, 2005 Amended Scheduling Order does not provide a date for the end of discovery and as such discovery has not ended. In light of the allegedly incorrectly stated close of discovery date, Plaintiff asserts that he was not afforded an opportunity to discover information essential to his opposition to Defendant City of Flint's Motion for Summary Judgment. While it is true that the Court's September 12, 2005 Amended Scheduling Order does not include a date that discovery should be completed, the Court's April 25, 2005 Amended Scheduling Order states that the deadline for discovery was June 27, 2005. By time, the Court issued its September 12, 2005 Amended Scheduling Order, discovery was already closed. As such, it was not necessary for the Court to include the date which discovery ended in the September 12, 2005 Amended Scheduling Order. Further, Plaintiff's discussion of the discovery date cutoff is immaterial to the current motion. While the Court did mention that discovery was closed on June 27, 2005, the Court's October 27, 2005 Order Granting Defendant City of Flint's Motion for Summary Judgment was not reliant on whether or not discovery was closed. The Court held, in the

October 27, 2005 Order, that Plaintiff failed to show any evidence of the existence, promulgation, or execution of Defendant City of Flint's policies that caused his injury. The Court pointed out that discovery was closed, to further demonstrate that there was no dispute as to any material fact and that summary judgment was appropriate. Plaintiff's assertion that the discovery was not closed on June 27, 2005 does not demonstrate a palpable defect, as the Court did not rely on the date of discovery in considering Defendant City of Flint's Motion for Summary Judgment. Further Plaintiff has not shown that even if the Court incorrectly stated the date for close of discovery, that the outcome of Defendant City of Flint's Motion for Summary Judgment would have been different. As such, Plaintiff's Motion for Rehearing or Reconsideration of Order Granting Defendant City of Flint's Fed.R.Civ.P. Rule 56(b) Motion for Summary Judgment is denied.

Accordingly,

IT IS HEREBY ORDERED that Defendant City of Flint's Motion to Dismiss **[Docket No. 46, filed June 16, 2006]** is GRANTED.

IT IS FURTHER ORDERED that Defendant Cole's Motion for Summary Judgment **[Docket No. 51, filed June 19, 2006]** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Time for Court Ordered Discovery **[Docket No. 55, filed June 23, 2006]** is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for Rehearing or Reconsideration of Order Granting Defendant City of Flint's Fed.R.Civ.P. Rule 56(b) Motion for Summary Judgment **[Docket No. 32, filed November 7, 2005]** is DENIED.

    /s/ Denise Page Hood  
DENISE PAGE HOOD  
United States District Judge

DATED: September 14, 2006

      I hereby certify that a copy of the foregoing document was served upon counsel of record on September 14, 2006, by electronic and/or ordinary mail.

S/William F. Lewis  
Case Manager