**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**KEVIN J. REID,**

       **Plaintiff,**

                                **Case No. 04-73822**

**v.**

                                **HONORABLE DENISE PAGE HOOD**

**CITY OF FLINT, ESTER**
**BERNRITTER, TODD PILLSBURY,**
and other unidentified officers, in their
individual and official capacities,

       **Defendants.**

_____/

**MEMORANDUM OPINION AND ORDER REGARDING VARIOUS MOTIONS**

**I.**      **INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Rehearing or Reconsideration, filed September 25, 2006 and Plaintiff's Motion to Re-Open Discovery, filed September 12, 2006. Defendant Todd Coles and Defendants Pillsbury and Bernritter filed Responses to Plaintiff's Motion to Re-Open Discovery on September 27, 2006. Pursuant to the Court's October 20, 2006 Order and Local Rule 7.1(e)(1), a determination of Plaintiff's Motion to Re-Open Discovery proceeds without oral argument.

**II.**     **STATEMENT OF FACTS**

As stated in the Court's September 14, 2006 Memorandum and Order Regarding Various Motions, the facts are highly disputed by the parties. However, the following facts appear to be common to both parties' recollection of the events. The Complaint arises from an incident that

1

occurred on September 30, 2002, during which Plaintiff was arrested by whom he identified as Defendants Pillsbury and Bernritter, two police officers employed by Defendant City of Flint. Defendants Pillsbury and Bernritter responded to a complaint at a residence where Plaintiff's ex-girlfriend was said to be located. Plaintiff was observed outside of the residence by the back door. Defendant Bernritter advised Plaintiff to leave the residence. Plaintiff complied with the order. Officer Bernritter followed Plaintiff as he left the residence. At some point, a struggle between Officer Bernritter and the Plaintiff ensued. Officer Pillsbury joined the struggle and at some point Plaintiff was struck on his hand or wrist and was eventually pepper sprayed. Plaintiff was charged with Disorderly Conduct, Making a False Report to Police and Resisting Arrest. The Complaint was filed on September 29, 2004. During discovery, Plaintiff determined that the officer who arrested him on September 30, 2002 was Officer Todd Coles rather than Defendant Todd Pillsbury. (Pl.'s Mot. Amend. ¶ 2). Plaintiff asserts that Defendant Pillsbury attempted to cover up Officer Coles' involvement by falsifying an official officer report. (Pl.'s Am. Compl. ¶ 44). Plaintiff further claims that Defendant Bernritter committed perjury during a deposition in an effort to further the conspiracy to cover up the false arrest and use of excessive force. (Pl.'s Mot. Amend. ¶ 5). The Court issued an Order Granting Plaintiff's Motion to Amend on May 2, 2006. Plaintiff filed the Amended Complaint on May 19, 2006.

## III.   APPLICABLE LAW & ANALYSIS

### A.   Plaintiff's Motion for Rehearing or Reconsideration

Plaintiff argues that the Court should rehear or reconsider its September 14, 2006 Opinion and Order (1) denying Plaintiff's Motion for Reconsideration of the Court's October 27, 2005 Order granting Defendant City of Flint's Motion for Summary Judgment, (2) granting Defendant City of

Flint's Motion to Dismiss, (3) granting Defendant Todd Coles' Motion for Summary Judgment, and (4) denying without prejudice Plaintiff's Motion to Extend Time for Court Ordered Discovery.  The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration shall be served not later than ten days after entry of such order.  E.D. Mich. LR 7.1(g)(1).  No response to the motion and no oral argument thereon shall be allowed unless the Court, after filing the motion, otherwise directs.  E.D. Mich. LR 7.1.(g)(2).  Local Rule 7.1.(g) further states:

> (3) **Grounds.**  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(g)(3).

Plaintiff argues that rehearing or reconsideration is appropriate because he is able to prove that Defendant Coles was present or involved in the events alleged.  Plaintiff asserts that the City of Flint admittedly destroyed or recycled the videotape of the booking area which would show Defendant Coles' presence at the time of Plaintiff's arrest.  Plaintiff further asserts that he has been denied access to the audio tape of Radio Traffic, which would similarly evidence Defendant Coles' presence during the alleged events, pursuant to the Freedom of Information Act and MCL § 15.243(1)(v).  Plaintiff argues that because the University of Michigan-Flint campus is less than one mile from City of Flint Police Department Headquarters and University of Michigan-Flint Public Safety Officers and City of Flint Police routinely police the same area, an identity of interest exists such that notice to Defendant City of Flint and employees of the Flint Police Department provided notice to Defendant Coles.  Plaintiff asserts, notice should be imputed to Defendant Coles because of contact he had with former City of Flint Police Department coworkers, including Defendant

3

Bernritter.

Plaintiff sets forth reasons he has been unable to access evidence to support his contention that Defendant Coles was involved in the events alleged. Plaintiff has not demonstrated that the recycling of the videotape or the refusal to provide the audio tape of Radio Traffic were wrongful or in bad faith. Plaintiff attaches the affidavit of Michael Lipp, a Sergeant with the City of Flint Police Department, who details the Flint Police Department's procedures and policies on booking videos. (Pl.'s Mot. For Rehearing or Reconsideration at 2, Ex. 2). Under this policy, booking videos are kept for a minimum period of ninety days and are then recycled. *Id.* Pursuant to the Flint Police Department's Video Log Rotation Book, the booking video of Kevin Reid's arrest of September 30, 2002 was recycled and re-recorded on January 18, 2003. Although the Court is not aware of when Plaintiff first requested access to the booking video, Plaintiff filed his Complaint with the Genesee County Circuit Court on September 2, 2004,[1] which is almost eight months after the booking video was recycled. Plaintiff has presented no evidence that the video tape was disposed of in an attempt to cover up Defendant Coles' alleged involvement in the subject incident or outside of the Flint Police Department's stated policy. In addition, Plaintiff has not presented any new arguments with respect to the audio tape of the Radio Traffic. Accordingly, Plaintiff has not shown that Defendant City of Flint's failure to turn over of the abovementioned evidence is a palpable defect sufficient for rehearing or reconsideration of the matter.

With respect to whether Defendant Coles had notice of the action, "[i]dentity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other."

---

[1] The case was subsequently removed to this Court on or about September 29, 2004.

4

6 C. Wright and A. Miller, Federal Practice and Procedure § 1499, p. 517 (1972).  The cases cited by Plaintiff where courts held that there was sufficient notice by virtue of identity of interest involve a close business relationship between the individual who accepted service and the intended recipient of service.  *See Kirk v. Cronvich*, 629 F.2d 404, 407-08 (5th Cir. 1890), *overruled on other grounds by Schiavone v. Fortune*, 477 U.S. 21 (1986) (finding appellee had sufficient notice, such that he would not be prejudiced in defending the action, where his agent accepted service on his behalf), *Ringrose v. Engelberg Huller Co., Inc.*, 692 F.2d 403 (6th Cir. 1982) (remanding case to district court for a determination of whether either or both defendant corporations were successor corporations of the originally named defendant and thus had sufficient notice), *Mitchell v. Hendricks*, 68 F.R.D. 564, 567 (E.D. Pa. 1975) (finding notice was sufficient where service was made, not directly on the superintendent of the correctional facility, but addressed to the superintendent and accepted by a Records Officer at the prison).

The instant case is distinguishable.  The fact that the University of Michigan-Flint campus is less than one mile from City of Flint Police Department Headquarters and University of Michigan-Flint Public Safety Officers and City of Flint Police routinely police the same area does not establish a close business relationship between the two entities.  As such, no identity of interest exists sufficient that notice to Defendant City of Flint provided notice to Defendant Coles

Plaintiff's assertions do not demonstrate a palpable defect by which the court has been mislead or that correcting any defect would result in a different disposition of the case.  Plaintiff's Motion for Rehearing or Reconsideration of the Court's September 14, 2006 Opinion and Order is denied.

### B.    Plaintiff's Motion to Re-Open Discovery

5

Plaintiff requests that the Court re-open discovery for the following reasons: (1) Defendant City of Flint has failed to comply with numerous discovery requests during the court-ordered discovery period, such as subpoenas to produce documents and Freedom of Information Act requests; (2) one of Plaintiff's main witnesses, Angela Tibbs was incarcerated and released on October 12, 2006 and Plaintiff desires to re-take Defendant police officers' depositions; (3) Defendant police officer's lawyers refused to allow their clients to answer questions on August 1, 2006 that might impeach their testimony of April 25, 2005 because the questions were asked, by Plaintiff's former attorney, Christopher Trainor, and answered; (4) Defendants counsel rejected a proposed order and request to stipulate to entry of an order in this matter.

Defendant Coles responds that: (1) by virtue of the Court granting Defendant Coles' Motion for Summary Judgment, he is no longer a party and therefore re-opening of discovery is inappropriate as to Defendant Coles; (2) pursuant to Fed. R. Civ. P. 30(a)(2)(B) and Fed. R. Civ. P. 26(b)(2), Plaintiff has had ample opportunity to depose Defendant Coles and an additional deposition would be cumulative; and (3) multiple depositions of Defendant Coles is burdensome. Defendants Pillsbury and Bernritter assert that Plaintiff has failed to present a sound basis for re-opening discovery. Specifically, Defendants Pillsbury and Bernritter argue that Plaintiff does not specify what areas need additional discovery or why he was unable to conduct that discovery in the time allotted by the Court.

As established above, the Court has granted Defendant City of Flint's Motion for Summary Judgment, granted Defendant City of Flint's Motion to Dismiss, granted Defendant Todd Coles' Motion for Summary Judgment and does not find rehearing or reconsideration appropriate. Plaintiff's Motion to Re-Open Discovery with respect to Defendant Coles is rendered moot by virtue

6

of the Court granting Defendant Coles' Motion for Summary Judgment and the instant Opinion and Order denying rehearing or reconsideration.  The Court agrees with Defendants Bernritter and Pillsbury that Plaintiff has failed to persuade the Court that further discovery is warranted under the circumstances.  Plaintiff's claims against Defendants Bernritter and Pillsbury continue.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Rehearing or Reconsideration **[Docket No. 66, filed September 25, 2006]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Re-Open Discovery **[Docket No. 63, filed September 12, 2006]** is DENIED.

                                         /s/ Denise Page Hood
                                        DENISE PAGE HOOD
                                        United States District Judge

DATED: November 27, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 27, 2006, by electronic and/or ordinary mail.

                                        s/ William F. Lewis
                                        Case Manager

7