# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**KEVIN J. REID,**

                Plaintiff,

v.

**CITY OF FLINT, et al.,**

                Defendants.

                                          /

Case No:     04-CV-73822
Honorable Denise Page Hood
United States District Judge

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION/BACKGROUND

This matter is before the Court on Plaintiff's Motion for Relief from Judgment, filed December 7, 2006. Plaintiff moves pursuant to Federal Rules of Civil Procedure 59(a)(2) and/or 60(a)(b)(2)(6) and requests that the Court set aside or vacate (1) the November 27, 2006 Memorandum Opinion and Order Regarding Various Motions, (2) the September 14, 2006 Memorandum Order Regarding Various Motions, and (3) the October 27, 2005 Order Granting Defendant City of Flint's Motion for Summary Judgment. Plaintiff further requests that the Court grant Plaintiff a new trial or disposition of his case.

### II.    STANDARD OF REVIEW

Rule 60(b) of the Federal Rules of Civil Procedure provides that, "the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, by due diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore dominated intrinsic or extrinsic), misrepresentation, or other

misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Fed. R. Civ. P. 59 provides, "[a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." A new trial may also be granted

> in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

Fed. R. Civ. P. 59(a)(2).

## III. APPLICABLE LAW & ANALYSIS

### A. Motion for Relief from Judgment

Plaintiff asserts that relief from judgment is appropriate because the Court overlooked facts, misapplied the law and/or its decisions are against the great weight of the evidence. (Pl.'s Mot. for Relief from J. at 3). Plaintiff relies on the following arguments in support of the instant motion:

1. The Court has overlooked that Defendant Todd Coles committed perjury to support his June 19, 2006 Motion for Summary Judgment. Moreover, Defendant Coles employed subordination of perjury of his supervisor at the University of Michigan-Flint's Department of Public Safety, Sergeant Allen Cozart, to support Coles' June 19, 2006 Motion for Summary Judgment. Both Coles and Cozart fraudulently

misrepresented to the Court that Coles' "Daily Reports" support the theory that Coles' duties as a University of Michigan-Flint Public Safety Department Police Officer on September 30, 2002 made it impossible for him to be involved in the alleged assault and false arrest.

2. The Court has overlooked that an additional party may be brought into a case after expiration of the period of limitations where the added defendant is a necessary party or where his addition merely corrects a defect in the original proceeding. Fed. R. Civ. P. 15(c)(3)(B). Plaintiff can prove that Defendant Coles was present on North Street on September 30, 2002 and he is the officer that assaulted and falsely arrested him. Coles is a necessary party and his addition to the suit merely corrects a defect in the original proceeding caused by Coles' fraudulent misrepresentations and/or concealment of material fact. Since Defendant Coles knew or should have known he was the proper defendant to be sued by virtue of his involvement in Plaintiff's assault and false arrest, the doctrine of estoppel by fraudulent concealment applies to toll the statute of limitations on Plaintiff's claims against Defendant Coles.

3. The Court overlooked that all criminal charges against Plaintiff stemming from the September 30, 2002 incident were dismissed by the Flint District Court because the charging officers repeatedly failed to appear. Defendant police officers' failure to appear was in furtherance of Defendants' conspiracy to cover up the violation of Plaintiff's constitutional rights.

4. The Court overlooked that Plaintiff has now identified Defendant City of Flint's unlawful custom or policy that led to the violation of his constitutional rights. (See

>     Kevin J. Reid's Rule 56(e) Sworn Affidavit at ¶ 15). The City of Flint Police Department has a custom, practice or policy of using unnecessary, excessive or even fatal force, then fabricating evidence or falsifying official police reports or records to cover up the violation of citizens' rights.
>
> 5. The Court misapplied the law in finding that the cases cited by Plaintiff regarding identity of interest were distinguishable from the instant case, which "deprives him of due process of law and/or equal protection of the law or creates good faith grounds for modification of existing law." It would be naive to suggest that service of Plaintiff's Complaint to Defendant Coles' former employer, Defendant City of Flint, would not provide notice to Defendant Coles when Defendant Coles was a police officer for Defendant City of Flint for twenty plus years prior to his current job with the University of Michigan Public Safety Department and he was moonlighting as a City of Flint police officer when Plaintiff was assaulted and falsely arrested on September 30, 2002.

(Mot. For Relief from J. at 3-5).

Defendant Coles responds that Fed. R. Civ. P. 59(a) is inapplicable, as there has been no trial. Defendant Coles further argues that relief is not justified pursuant to Fed. R. Civ. P. 60(b)(2), which provides relief for newly discovered evidence, because "the so called 'evidence' Plaintiff cites is not newly discovered. Rather it is (a) rehashed recitations of old arguments and (b) newly invented assertions of Plaintiff's personal observations and recollections, all of which were in his possession years preceding the Court's November 27, 2006 Order." (Def. Todd Coles' Resp. to Pl.'s Mot. For Relief From J. Or For a New Trial at 2).

4

Defendant Coles is correct in asserting that Fed. R. Civ. P. 59(a) is inapplicable to the present posture of the case. As there has been no trial in the instant matter, relief pursuant to Fed. R. Civ. P. 59(a) is not appropriate.

Plaintiff makes several unavailing arguments, pursuant to Fed. R. Civ. P. 60, in claiming that relief from the Court's abovementioned Orders is warranted. His argument that Todd Coles and Allen Cozart committed perjury is not supported by any evidence. In his Motion for Relief from Judgment, Plaintiff makes new arguments and discusses new theories, but fails to present any new *evidence*.

The Court has not "overlooked" various aspects of the instant case, as asserted by Plaintiff. The Court considered Plaintiff's claim that Defendant Coles had notice of the action because he knew or should have known that he was the proper defendant. However, the Court concluded that notice to Defendant City of Flint did not provide notice to Defendant Coles. (Memorandum Opinion and Order Regarding Various Motions, November 27, 2006). The Court also considered the fact that all criminal charges against Plaintiff stemming from the subject incident were dismissed; however, the Court did not find that this was evidence that Defendants had engaged in a conspiracy to cover up the alleged violation of Plaintiff's constitutional rights. (Mot. For Relief From J. at 4). Similarly, the Court did not overlook Plaintiff's arguments regarding the alleged unlawful custom or policy, but instead concluded that,

> [w]hile Plaintiff has alleged a policy, he has not established that the City of Flint is responsible for promulgating such policy nor that the execution of the policy caused the injury to him, to the degree required to survive a motion for summary judgment. Plaintiff presents no evidence in the form of affidavits, depositions, or other documentary evidence to show the existence, promulgation, or execution of such policies that caused him injury. *Searcy v. City of Dayton*, 38 F.3d 282, 297 (6th Cir. 1994).

(Order Granting Def. City of Flint's Mot. for Summ. J. at 3-5, October 27, 2005). Plaintiff has not

5

demonstrated that relief from the Court's Orders is warranted, therefore, Plaintiff's Motion for Relief from Judgment is DENIED.

**B.  Motion to Set Aside Prior Orders Issued by the Court**

On February 12, 2007, Plaintiff filed a Motion seeking an order setting aside all of the prior Orders issued by the Court, including the Court's Order denying Plaintiff's Motion for Reconsideration issued on November 27, 2006.

The Local Rules of the Eastern District of Michigan provide that any motion for reconsideration shall be served not later than ten days after entry of such order. E.D. Mich. LR 7.1(g)(1). No response to the motion and no oral argument thereon shall be allowed unless the Court, after filing of the motion, otherwise directs. E.D. Mich. LR 7.1(g)(2). Local Rule 7.1(g) further states:

> (3) **Grounds**. Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. LR 7.1(g)(3).

Plaintiff's February 12, 2007 Motion is an untimely motion seeking reconsideration of all of the Orders issued by the Court. The latest Order issued by the Court prior to Plaintiff's February 12, 2007 Motion was the November 27, 2006 Order denying Plaintiff's Motion for Reconsideration. Plaintiffs' February 12, 2007 Motion was filed well beyond the ten day time limitation under E.D. Mich. LR 7.1(g)(1). In addition, the February 12, 2007 Motion is essentially a third Motion for Reconsideration, the second being the Motion for Relief from Judgment noted above. No rule

provides for a second or subsequent Motions for Reconsideration. Finally, Plaintiff raises the same issues the same issues ruled upon by the Court previously or as more fully set forth above, either expressly or by reasonable implication. Plaintiff's Motion to Set Aside the Court's previous Orders is DENIED.

### C. Application to Proceed *In Forma Pauperis*

Plaintiff seeks to proceed *In Forma Pauperis* on appeal. The Court finds any appeal of this Order is frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore v. Wrigglesworth,* 114 F.3d 601, 610-11 (6th Cir. 1997). Plaintiff's Application to Proceed *In Forma Pauperis* without prepayment of fees is DENIED.

### IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Judgment **[Docket No. 75, filed December 7, 2006]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Set Aside Orders **[Docket No. 84, filed February 12, 2007]** is DENIED.

IT IS FURTHER ORDERED that the Application to Proceed *In Forma Pauperis* **[Docket No. 79, filed December 21, 2006],** should Plaintiff seek to appeal this Order, is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Appoint Counsel **[Docket No. 86, filed August 14, 2007]** is DENIED as MOOT.

Dated: September 28, 2007                  s/ DENISE PAGE HOOD
                                                                 Denise Page Hood
                                                                 United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record and Kevin Reid, 3626 Fleming Rd., Flint, MI 48504 on September 28, 2007, by electronic and/or ordinary mail.

                                                                 s/William F. Lewis
                                                                 Case Manager